## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BONHE SIPHO KHOZA,

        *Plaintiff*,

    v.

DISTRICT OF COLUMBIA,

        *Defendant*.

Civil Action No. 1:25-cv-02434 (UNA)

## <u>MEMORADUM OPINION</u>

Plaintiff, proceeding *pro se*, has filed a Complaint, ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* (IFP), ECF No. 2. The Court grants Plaintiff's IFP application, and for the reasons discussed below, the Court dismisses this case for failure to state a claim, *see* Fed. R. Civ. P. 8(a), and for lack of subject matter jurisdiction, *see id.* R. 12(h)(3).

At the outset, the Court notes that Plaintiff has not provided his address or his telephone number, as required. The Local Rules of this District state that

> The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. If the party does not wish its full residence address to appear on the public docket, it shall omit the address and simultaneously file under, it shall omit the address and simultaneously file under seal a notice containing its full address, which notice shall be available only to the Court and the opposing party. If the party is appearing *pro se*, the caption shall also include the party's telephone number, unless the *pro se* party wishes to include that in its sealed filing. Those filing pro se *in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant. Failure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant.

D.C. LCvR 5.1(c)(1).

Plaintiff indicates that he is currently unhoused, *see* Compl. at 1, and although the Court is certainly understanding of his circumstances, without at least some type of address, and particularly given his *pro se* status, it makes it virtually impossible for the Court to communicate with him regarding this case. Plaintiff further contravenes D.C. Local Rule 5.1(c)(1), by failing to provide an address for Defendant District of Columbia. *See id.* at 2.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Atchison v. U.S. Dist. Cts.*, 190 F. Supp. 3d 78, 87 (D.D.C. 2016). Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies." *Wells v. Gray*, 17 F. Supp. 3d 27, 28 (D.D.C. 2014).

Here, Plaintiff's allegations fall short of providing notice of a claim. He cites, without explanation, to random laws and other legal authority, and references, *inter alia*, murder, manslaughter, and perjury. *See* Compl. at 3. Then, as best understood, he pivots topics, alleging that he was resting at or near the Superior Court of the District of Columbia and he believes that his "evidence book," which also contained his social security card, was stolen while he was asleep. *See id.* at 4. Plaintiff does not make clear how or why the District of Columbia is allegedly responsible for these events. He demands the return of his property and $30 billion in damages. *See id.*

Furthermore, Plaintiff fails to establish subject matter jurisdiction. The jurisdiction of the federal district courts is generally limited to where a "federal question" is presented or the parties are of diverse citizenship and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332. A party seeking relief in the district court must plead facts that bring the suit within the Court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see id.* R. 12(h)(3).

The Complaint here does not present a federal question. Plaintiff cites baldly to the Constitution, *see* Compl. at 3, but the Court is unable to discern any basis for federal question jurisdiction from the sparse facts presented in the Complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("Federal court jurisdiction must affirmatively appear clearly and distinctly." (alteration adopted) (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam))). The Complaint also does not establish diversity of citizenship because the District of Columbia "is not subject to the diversity jurisdiction of the federal courts." *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987).

For the above reasons, the Court dismisses the Complaint, and this matter, without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:  October 21, 2025

_____
CARL J. NICHOLS
United States District Judge